IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| RANDA L. RILEY, | § | |
| Plaintiff, | § § § | |
| v. | § § | |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ELLEN HALBERT SUBSTANCE ABUSE FELONY PUNISHMENT FACILITY, GATEWAY FOUNDATION-TEXAS, JOHN BECERRA, SHANNON HUGGINS, BETH MORRIS, and BRYAN COLLIER, | § § § § § § § § § | 1:17-CV-1031-RP |
| Defendants. | § § | |

## **ORDER**

On February 19, 2019, the Court dismissed with prejudice Plaintiff Randa L. Riley's ("Riley") claims against Defendants Huggins ("Huggins") and Gateway Foundation-Texas ("Gateway") for want of prosecution and for failure to comply with multiple Court orders. (Dkt. 42, at 2–3). That same day, the Court also ordered Riley to show cause as to why her claims against Defendant John Becerra ("Becerra") should not be dismissed for want of prosecution. (Dkt. 43). Riley had until March 22, 2019, to respond. (*Id.* at 2). She has failed to do so.

Federal courts have the authority to dismiss a complaint for failure to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 633 (1962); Fed. R. Civ. P. 41(b) (permitting a court to dismiss an action if the plaintiff "fails to prosecute or to comply with . . . a court order"). Dismissal with prejudice is appropriate if there is a "clear record of delay or contumacious conduct by the plaintiff" and if "lesser sanctions would not serve the best interests of justice." *Callip v. Harris Cty. Child Welfare Dep't*, 757 F.2d 1513, 1519 (5th Cir. 1985) (internal quotation marks and citation omitted). "A

1

district court may dismiss *sua sponte*, with or without notice to the parties." *Rogers v. Kroger Co.*, 669 F.2d 317, 319 (5th Cir. 1982).

As stated in the Court's prior order dismissing Riley's claims against Huggins and Gateway, this action has been pending for over a year. Riley has failed throughout this time to participate in discovery. She twice violated Court orders to respond to Huggins's and Gateway's discovery requests and was twice warned that this case would be dismissed if she continued to fail to comply with the Court's orders to participate in discovery. Now, Riley has again failed to comply with the Court's show cause order despite a warning that her claims against Becerra would be dismissed if she did not respond to the order. Therefore, as before, the Court finds that there is a clear record of delay that justifies dismissing Riley's claims with prejudice for want of prosecution.

Accordingly, **IT IS ORDERED** that Riley's claims against Becerra are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that the Clerk's Office shall mail a copy of this Order to Riley via certified mail. Riley's last known physical address is 8103 Clarion Way, Houston, Texas 77040.

**IT IS FINALLY ORDERED** that the Clerk's Office shall mail a copy of this Order to Becerra via certified mail. Becerra's physical address is 210 Stoneham Ln, Killeen, Texas, 76542.

**SIGNED** on March 25, 2019.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE